[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-16080
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 3, 2010
JOHN LEY
CLERK

D.C. Docket No. 09-00004-CV-5

UNDRE SMITH,

Plaintiff-Appellant,

versus

CSX TRANSPORTATION, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(June 3, 2010)

Before BARKETT, HULL and COX, Circuit Judges.

PER CURIAM:

Plaintiff Undre Smith filed suit against CSX Transportation, Inc. in the

Superior Court of Coffee County, Georgia in April 2008, and CSX removed the case

based upon diversity of citizenship. Smith claims that a sidetrack CSX placed and operates near his home constitutes a nuisance under Georgia law. CSX moved for summary judgment. The district court granted CSX's motion, holding that Smith's state-law nuisance claim is preempted by the plain language of the Interstate Commerce Commission Termination Act of 1995, 49 U.S.C. § 10101 *et seq*. (R.3-50 at 5.) Smith appeals.

Smith contends that the Act should be interpreted to only preempt state law claims demanding remedies affecting the core operations of railroads that are identified in the Act. He concedes that a plaintiff's claim is preempted when the plaintiff seeks a remedy that changes a railroad's core operation. But, Smith contends that when a plaintiff seeks a remedy demanding an insubstantial change to incidental operations, the claim is not preempted. CSX responds that under the plain language of the Act, state law remedies directed at sidetracks are preempted.

The Act created the Surface Transportation Board. The Act provides that the Board's jurisdiction over

> the construction, acquisition, operation, abandonment, or discontinuance of spur, industrial, team, switching, or side tracks . . . is exclusive. Except as otherwise provided under this part, the remedies provided under this part with respect to regulation of rail transportation are exclusive and preempt the remedies provided under Federal or State law.

§ 10501(b)(2).

2

Congressional intent "primarily is discerned from the language of the pre-emption statute and the 'statutory framework' surrounding it." *Medtronic, Inc. v. Lohr*, 518 U.S. 470, 486, 116 S. Ct. 2240, 2250-51 (1996) (citation omitted). Although courts begin the preemption analysis "with the assumption that the historic police powers of the States are not to be superseded," the presumption against preemption dissipates when the intention of Congress is "clear and manifest." *Riegel v. Medtronic, Inc.*, 552 U.S. 312, 334, 128 S. Ct. 999, 1013 (2008) (quotations and citation omitted). Here, Congress's intent is clear that any state law involving where to construct or how to operate a sidetrack is preempted.[1] For the reasons stated by the district court (R.3-50 at 3-5), we hold that the text of the Act expressly preempts Smith's state-law nuisance claim.

AFFIRMED.

---

[1]This court has considered the Act's preemption before in *Fla. E. Coast Ry. Co. v. City of West Palm Beach,* 266 F.3d 1324 (11th Cir. 2001). Smith's reliance on that case is misplaced, as it involved a municipal ordinance not directed to railroad operations. Instead, the ordinance was directed at a private distribution business operating on leased railroad property.